IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GIGOL ANDRIADZE,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>STARWAY LOGISTIC LLC., a Pennsylvania limited liability corporation, and STARWAY LOGISTICS I LLC, a Pennsylvania limited liability corporation,<br><br>　　　　　　　　Defendants. | Case No. 7:21-cv-5001<br><br>**COMPLAINT, JURY DEMAND AND DESIGNATION OF PLACE OF TRIAL** |

Gigol Andriadze, Plaintiff in the above-captioned matter, by and through his counsel of record, for his cause of action against the Defendant, states as follows:

1.

Gigol Andriadze ("ANDRIADZE") is and was at all relevant times a resident of Brooklyn, New York. He is a legal permanent resident of the United States, originally from the Republic of Georgia. Starway Logistic LLC (SL LLC) is a Pennsylvania limited liability corporation engaged in the nationwide business of interstate trucking; its principal place of business is in Huntingdon Valley, Pennsylvania; it is a motor carrier licensed and regulated by the Federal Motor Carrier Safety Administration. Starway Logistics I LLC (SLI LLC) is also a Pennsylvania limited liability corporation, also a motor carrier licensed and regulated by the Federal Motor Carrier Safety Administration.

2.

The events at issue took place outside of Big Springs, Deuel County, Nebraska. There is complete diversity between Plaintiff and Defendants, and the matter in controversy exceeds,

exclusive of interest and costs, the sums specified by 28 U.S.C. §1332. Venue and jurisdiction are proper in this Court.

3.

As a licensed motor carrier, Defendants have a regulatory and common-law duty to properly investigate and qualify drivers before putting them on the road to drive trucks.

4.

Before November 9, 2020, Defendants, acting through Tengiz Okropilashvili and Dato Okropilashvili, hired Giorgi Gabuldan and assigned and entrusted to him the responsibility of driving their truck. Defendants also invited ANDRIADZE to ride along, telling ANDRIADZE that he was an "apprentice" and paying him in cash. Defendants entered ANDRIADZE into their logbook and let him travel with Mr. Gabuldan and share the driving duties, paying ANDRIADZE in cash although it did not employ ANDRIADZE.

5.

In September 2020, Defendants allowed ANDRIADZE to travel with Mr. Gabuldan on a trip to haul cargo between Philadelphia and California and back to Philadelphia. Defendants knew ANDRIADZE was traveling with Mr. Gabuldan, and allowed him to ride along and share in the driving although Defendants did not employ him. Defendants' knowledge of ANDRIADZE's presence in the truck should be reflected in the logbook for that trip.

6.

Defendants then allowed ANDRIADZE to travel with Mr. Gabuldan again in November 2020. Again, Defendants were going to pay ANDRIADZE in cash, although Defendants would not actually employ him.

7.

On November 9, 2020, ANDRIADZE was a passenger in Defendants's 2016 Volvo tractor, driven by Mr. Gabuldan. Mr. Gabuldan was an employee and agent of Defendants, and was acting in the course and scope of his employment with Defendants at the time of this wreck.

8.

While attempting to merge onto eastbound Interstate 80, Mr. Gabuldan crashed Defendants' tractor and the attached fully-loaded trailer into another semi-truck.

9.

This crash directly and proximately caused ANDRIADZE to sustain serious injuries. He continues to suffer chronic pain caused by the injuries precipitated by this wreck, to this day.

10.

The collision was proximately caused by the negligence of Mr. Gabuldan, acting in the course and scope of his employment with Defendants, in the following particulars:

   a. By failure to exercise proper lookout;

   b. By failure to yield the right of way while merging onto Interstate 80;

   c. By failure to keep Defendants' tractor-trailer at a speed that would enable him to swerve or otherwise avoid striking the other semi-truck; and

   d. By failure to take appropriate steps to avoid the collision when he knew or should have known that such a collision was foreseeable.

11.

The collision was also proximately caused by the direct negligence of Defendants, in these particulars:

   a. Negligent hiring of Mr. Gabuldan; and

   b. Negligent training and supervision of Mr. Gabuldan before November 9,

2020.

12.

As a proximate result of the negligence of Defendants as above set out, ANDRIADZE suffered personal injuries, to his damage exceeding $75,000.00 in the following particulars:

a. His injuries were serious, causing him to incur medical expenses;

b. He will incur medical expenses in the future;

c. Disability, both past and future; and

d. Pain and suffering to include mental anguish and disfigurement, past and future; and

e. Other consequential damages, to include inconvenience.

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1. For compensatory damages in an amount to be specifically proven at trial;

2. Punitive damages available under the laws of the State of Pennsylvania;

3. For post-judgment interest at the maximum legal rate;

4. For costs of suit incurred herein;

5. For such other and further relief as the Court deems just and proper.

**JURY DEMAND AND DESIGNATION OF PLACE OF TRIAL**

Plaintiff demands trial to a jury and designates the place of trial in North Platte, Nebraska.

GIGOL ANDRIADZE, Plaintiff,

By: /s/ Maren Lynn Chaloupka
Maren Lynn Chaloupka – NSBA # 20864
Chaloupka Law LLC
P.O. Box 1724
Scottsbluff, Nebraska  69363-1724
(308) 270-5091
mlc@chaloupkalaw.net