# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **GIGOL ANDRIADZE,**<br><br>　　　　　　**Plaintiff,**<br><br>　vs.<br><br>**STARWAY LOGISTIC LLC, a Pennsylvania limited liability corporation; and STARWAY LOGISTICS I LLC, a Pennsylvania limited liability corporation;**<br><br>　　　　　　**Defendants.** | **7:21CV5001**<br><br>**AMENDED ORDER FOR SETTLEMENT CONFERENCE** |

In accordance with the joint request of the parties,

**IT IS ORDERED** as follows:

1. A settlement conference will be held before United States Magistrate Judge Michael D. Nelson with counsel and representatives of the parties on **August 16, 2021**, from **9:00 a.m. to 5:00 p.m. CDT** and will be conducted **via video conference**. Video conference instructions for this settlement conference are found at **Filing No. 25.** The parties' representatives and/or counsel shall be prepared to participate and negotiate a settlement of this case during the conference.

2. Unless excused by order of the Court, clients or client representatives with complete authority to negotiate and consummate a settlement shall be in attendance at the settlement conference. This requires the presence of the client or if a corporate, governmental, or other organizational entity, an authorized representative of the client. Defendants' representative must have the authority to commit Defendants to pay, in the representative's own discretion, the amount needed to settle the case; Plaintiff's representative must have the authority, in the representative's own discretion, to authorize dismissal of the case with prejudice, or to accept the amount offered and needed to settle the case. If board approval is required to authorize settlement, the attendance of at least one sitting member of the board (preferably the chairperson) authorized to settle as described above is required. Any insurance company that is a party or is contractually required to defend or to pay damages, if any, assessed within its policy limits in this case must have a fully authorized settlement representative present. Counsel are responsible for timely advising any involved non-party insurance company of the requirements of this order. If trial counsel has been

fully authorized to commit the client to pay or to accept in settlement the amount last proposed by the opponent, in counsel's sole discretion, the client, client representative, or insurance company representative, as applicable, need not attend.  The purpose of this requirement is to have in attendance a representative who has both the authority to exercise his or her own discretion, and the realistic freedom to exercise such discretion without negative consequences, in order to settle the case during the settlement conference without consulting someone else who is not physically present.  In the event counsel for any party is aware of any circumstance which might cast doubt on a client's compliance with this paragraph, s/he shall immediately discuss the circumstance with opposing counsel to resolve it before the settlement conference, and, if such discussion does not resolve it, request a telephone conference with the Court and counsel.

3. If a party fails to comply with paragraph (2) of this order, the settlement conference will be canceled and costs, attorney fees, and sanctions may be imposed by the Court against the non-complying party, counsel for that party, or both.

4. Prior to the settlement conference, counsel shall discuss settlement with their respective clients and insurance representatives, and shall exchange with opposing counsel proposals for settlement so the parameters of settlement have been explored well in advance.  If, as a result of such discussions, counsel for any party believes that the parties' respective settlement positions are so divergent, or for any other reason, that settlement is not reasonably possible in this matter, he or she shall seek a conference with Magistrate Judge Nelson and opposing counsel, by telephone or otherwise, to determine whether the settlement conference should be canceled or postponed.  To avoid expenses if the settlement conference is canceled or postponed, any request for cancellation or postponement must be made on or before **July 26, 2021.**

5. Counsel shall submit a confidential settlement statement to nelson@ned.uscourts.gov no later than **August 2, 2021**, setting forth the relevant positions of the parties concerning factual issues, issues of law, damages, and the settlement negotiation history of the case, including a recitation of any specific demands and offers that have been conveyed.  Since Magistrate Judge Nelson will have no further substantive involvement in this case, this statement should describe candid and confidential interests or positions that in counsel's opinion may be preeminent in negotiating a settlement; copies should NOT be served on opposing counsel or parties.

6.	Magistrate Judge Nelson will hold a telephone conference with counsel on **August 9, 2021**, **at 11:00 a.m. CDT.** for the purpose of reviewing any outstanding issues that may be relevant prior to the settlement conference.  **Conference Instructions are located at [Filing No. 21](#) in this case.**

7.	Notwithstanding the provisions of Rule 408 of the Federal Rules of Evidence, all statements made by the parties relating to the substance or merits of the case, whether written or oral, made for the first time during the settlement conference shall be deemed to be confidential and shall not be admissible in evidence for any reason in the trial of the case, should the case not settle.  This provision does not preclude admissibility in other contexts, such as pursuing a motion for sanctions regarding the settlement conference.

8.	All remaining case progression deadlines are stayed.

Dated this 28th day of July, 2021.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge